# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-40337

_____

MATTHEWS SMITH; JOHN COMEAUX; JOHN LUMPKINS;
KENNETH FORD; AND DARLENE GREENE; ET AL.,

Plaintiffs-Appellees,

VERSUS

TEXACO, INC.; ET AL.,

Defendants,

ARAMCO SERVICES COMPANY; SAUDI REFINING, INC.;
SHELL OIL COMPANY; STAR ENTERPRISE; TEXACO, INC.;
TEXACO REFINING AND MARKETING INCORPORATED;
AND TEXACO REFINING AND MARKETING EAST, INC.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Eastern District of Texas

_____

February 1, 2002

ON MOTION TO DISMISS APPEAL
AND TO DISMISS PETITION FOR
REHEARING EN BANC

(opinion 263 F.3d 394 (5th Cir.
August 22, 2001))

Before REAVLEY, SMITH, and DeMOSS,
Circuit Judges.

PER CURIAM:

The defendants filed, on January 3, 2002,
an unopposed motion "to dismiss all pro-

ceedings before this Honorable Court," and specifically to dismiss the petition for rehearing en banc. The motion presumably is filed pursuant to FED. R. APP. P. 42 and 5TH CIR. R. 42. The motion states, in its text and as reflected in an attached judgment of the district court entered on November 19, 2001, that the parties have settled all claims and controversies and that the district court has approved the settlement and has dismissed all claims with prejudice. The funds agreed to in settlement have been paid. No party requested vacatur of the panel opinion as a condition of the settlement. *See generally U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994).

As the motion to dismiss states, the settlement became final on December 19, 2001. Pending at that time was plaintiffs' petition for rehearing en banc, filed on October 3, 2001. As reflected in the public docket sheet, the mandate of this court had been held by one or more judges, although when the motion to dismiss was filed, no judge had requested that the court be polled on rehearing en banc. On November 16, 2001, the court had requested defendants to file a response to the en banc petition.

The motion to dismiss thus was filed under somewhat unusual circumstances. No provision of the Federal Rules of Appellate Procedure or the local rules of this court specifically addresses the instant situation. We conclude, however, that 5TH CIR. R. 42.1 does not authorize the clerk to enter an order of dismissal while the mandate has been held, because that rule states in part that the clerk shall enter the order of dismissal "as the mandate." We need not address whether the panel may enter an order of dismissal on an unopposed motion while the mandate is held, because,

contemporaneously with this order, the judge or judges who have held the mandate are releasing that hold.

IT IS ORDERED that the opinion of this court, issued as the judgment on August 22, 2001, is WITHDRAWN. *See Smith v. Texaco, Inc.*, 263 F.3d 394 (5th Cir. 2001). Because the district court has dismissed, with prejudice, all claims in the underlying action, that court's order of March 7, 2000, certifying the class, which is the subject of this appeal under FED. R. APP. P. 23(f), is hereby VACATED. *See Smith v. Texaco, Inc.*, 88 F. Supp. 2d 663 (E.D. Tex. 2000). We leave in place the November 19, 2001, final judgment of the district court, approving the settlement and its settlement class and dismissing all claims with prejudice.

IT IS FURTHER ORDERED that the unopposed motion to dismiss all proceedings in this court, treated as a motion to dismiss the appeal and to dismiss the petition for rehearing en banc, is GRANTED.

The mandate shall issue forthwith.

2